O'Hara v. Folwell.

No. 5149.

Mrs. A. G. O'Hara, Natural Tutrix, *v.* J. N. Folwell.

The proceeding sought to be injoined in this case was predicated on the mortgage note of Joseph O'Hara, deceased, and in order to make a valid sale of the mortgaged property, the legal representative of his succession should have been made a party to said proceeding.

Notices served upon the plaintiff before she was confirmed as natural tutrix, and as such administering said succession, were not sufficient. The proceeding taken against her before her appointment. was in no sense a proceeding had contradictorily with the succession of O'Hara, the mortgage debtor.

This court can not assent to the proposition set up in defense, that the notices were sufficient, because subsequently to the mortgage, O'Hara donated the mortgaged property to the plaintiff, his wife, and that the succession of O'Hara, having no interest in the mortgaged property, was not a necessary party.

The proceeding was on the mortgage note of O'Hara, and therefore the legal representative of his succession was a necessary party to any suit or other proceeding on that note.

Besides, if it were true that the property passed into third hands subsequently to the mortgage, no proceeding by executory process could be had, because in the act of mortgage there was not the *non alienando* clause.

The plaintiff, however, can not disavow her judicial averment that the mortgaged property belongs to the succession of her deceased husband.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. R. O. Elliott,* for plaintiff and appellant. *Edward Phillips,* for defendant and appellee.

Wyly, J. The plaintiff appeals from the judgment dissolving her injunction restraining the executory proceedings sued out by the defendant J. N. Folwell on the mortgage note of $550, made by Joseph O'Hara, deceased.

The ground for the injunction is, there was no sufficient notice of the order of seizure and sale, nor notice of seizure; because at the time the said notices were served upon her, she had not yet qualified as natural tutrix, and as such administering the succession of Joseph O'Hara.

The notice of the granting of the order of seizure and sale was served on ninth September, 1873, and the notice of seizure of the mortgaged property was served on thirteenth of said month. Plaintiff was not confirmed as natural tutrix till fifteenth January, 1874.

The proceeding was on the mortgage note of Joseph O'Hara, deceased, and in order to make a valid sale of the mortgaged property, the legal representative of his succession should have been made a party to said proceeding. Notices served upon the plaintiff before she was confirmed as natural tutrix, and as such administering said succession, were not sufficient. The proceeding taken against her before her appointment was in no sense a proceeding had contradictorily with the succession of O'Hara, the mortgage debtor.

The defendant, Folwell, however, contends that the notices were sufficient, because subsequent to the mortgage O'Hara donated the

O'Hara v. Folwell.

mortgaged property to the plaintiff, Mrs. O'Hara, his wife, and the succession of O'Hara having no interest in the mortgaged property, was not a necessary party. To this proposition we can not assent. The proceeding was on the mortgage note of O'Hara, and the legal representative of his succession was a necessary party to any suit or other proceeding on that note. Besides, if it be true the property passed into third hands subsequent to the mortgage, no proceeding by executory process can be had, because in the act of mortgage there is not the *non alienando* clause. The plaintiff, however, can not disavow her judicial averment that the mortgaged property belongs to the succession of her deceased husband.

It is therefore ordered that the judgment appealed from be annulled, and it is now ordered that the injunction herein be perpetuated, with costs of both courts.